UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY A. LATTA,

         Plaintiff,       Case # 19-CV-6697-FPG

v.                  DECISION AND ORDER

SHELIA BAIN, et al.,

         Defendants.
_____

*Pro se* Plaintiff Gregory A. Latta is a prisoner confined at Attica Correctional Facility who filed this action pursuant to 42 U.S.C. § 1983. ECF No. 1.

Because he did not pay the filing fee or submit a complete *in forma pauperis* motion, the Clerk of Court will administratively terminate this action. If Plaintiff wants to reopen this case, he must submit a complete *in forma pauperis* motion and authorization form or the $350.00 filing fee and $50.00 administrative fee ($400.00 total) by November 4, 2019.

## DISCUSSION

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee and $50.00 administrative fee.[1] *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[2] Western District of New York, District Court Schedule of Fees.[3] If a prisoner (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil

---

[1] Effective May 1, 2013, the Judicial Conference of the United States added a $50.00 administrative fee to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. This additional fee does not apply to prisoners granted *in forma pauperis* status. *See generally id.*

[2] Available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[3] Available at http://www.nywd.uscourts.gov/fee-schedule.

action, he must pay those fees or obtain permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## I. *IN FORMA PAUPERIS* APPLICATION REQUIREMENTS

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), which amended 28 U.S.C. § 1915, established certain requirements that a prisoner must meet to proceed *in forma pauperis*. The Court summarizes those requirements below.

### A. Supporting Affidavit or Affirmation

A prisoner seeking to proceed *in forma pauperis* must submit an affidavit or affirmation detailing his assets and liabilities and swearing under oath that he cannot pay the $350.00 filing fee. *See* 28 U.S.C. § 1915(a)(1). An *in forma pauperis* motion should be supported by an affidavit or affirmation filed at the same time as the complaint. The Court has an *in forma pauperis* motion form with supporting affirmation[4] to help self-represented litigants comply with this requirement.

### B. Certification of Inmate Trust Fund Account

A prisoner seeking to proceed *in forma pauperis* must also submit a certified copy of his inmate trust fund account statement (or an institutional equivalent) for the six months immediately before he filed his complaint. *See* 28 U.S.C. § 1915(a)(2). The prisoner must get this certified account statement from the appropriate official at each correctional facility where he was confined during that six-month period. *See id.* Alternatively, the prisoner may have prison officials complete and sign the "Prison Certification Section" of the Court's motion form. In the "Prison Certification Section," prison officials provide the information in the prisoner's trust fund account statement required by 28 U.S.C. § 1915(a)(2).

---

[4] The Clerk of Court will mail Plaintiff an *in forma pauperis* motion form with supporting affirmation. It is also available at http://www.nywd.uscourts.gov/pro-se-forms.

### C. Authorization Form

A prisoner seeking to proceed *in forma pauperis* must also submit a signed authorization form[5] that permits the institution where he is confined to pay—over time, if necessary—the $350.00 filing fee from his trust fund account (or institutional equivalent). *See* 28 U.S.C. § 1915(b)(1)-(4). In other words, even if the prisoner is granted *in forma pauperis* status, he must pay the full $350.00 filing fee in installments. *See id.* § 1915(b)(1)-(2). The initial payment will be 20% of the average monthly deposits to the prisoner's account or 20% of the average monthly balance in his account for the six-month period immediately before he filed his complaint, whichever is greater. *See id.* § 1915(b)(1). For each month after that, as long as the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner will deduct from his account and forward to the Clerk of Court an installment payment equal to 20% of the preceding month's income that was credited to the prisoner's account. *See id.* § 1915(b)(2). Those payments continue until the $350.00 fee is paid in full. *Id.*

## II. ADMINISTRATIVE TERMINATION OF THIS ACTION

Here, Plaintiff did not pay the fees or submit a complete *in forma pauperis* motion. Therefore, the Clerk of Court will administratively terminate this case[6] without filing the complaint or assessing a filing fee. Plaintiff may reopen this case by November 4, 2019.

## III. DEFERMENT OF SCREENING UNDER 28 U.S.C. §§ 1915(E)(2) & 1915A

The Court must screen civil actions that prisoners file and dismiss them if they are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against

---

[5] The Clerk of Court will mail an authorization form to Plaintiff. It is also available at http://www.nywd.uscourts.gov/pro-se-forms.

[6] An administrative termination is not a "dismissal" for statute of limitations purposes. Thus, if this case is reopened under the terms of this Order, it is not subject to the statute of limitations time bar if it was timely filed originally. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 163 (7th Cir. 1995).

a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A; *see also* 42 U.S.C. § 1997e(c) (dismissal of prisoner actions brought with respect to prison conditions).  Because Plaintiff did not properly commence this action, the Court will defer the screening process until this case is reopened—if, in fact, it is reopened.  If this action is reopened and then dismissed, installment payments of the filing fee under 28 U.S.C. § 1915 will not be suspended, and Plaintiff will not be refunded the filing fee or any part of it that has already been paid.

Additionally, if a prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g).

## **CONCLUSION**

The Clerk of Court will administratively close this case without filing the complaint or assessing a filing fee and will send Plaintiff an *in forma pauperis* motion form and authorization form.  If Plaintiff wants to reopen this action, he must submit a complete *in forma pauperis* motion and signed authorization form or $400.00 in filing fees by November 4, 2019.  If Plaintiff timely submits a proper motion or the filing fees, the Clerk of Court will reopen this case.

IT IS SO ORDERED.

Dated: October 3, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court